Lawrence, J.
We are of the opinion that the motion made by the defendant’s counsel to dismiss the complaint at the close of the plaintiff’s testimony was properly denied. The testimony so far from proving that the goods belonged not *33 to the plaintiff, but to the firm of Evans & Darling, established just the reverse.
The second ground stated for dismissing the complaint, to wit, that no sufficient demand had been shown to have been made upon the defendant, was untenable. And even if there was any insufficiency in the proof as to the demand at that time, the testimony of the defendant himself supplies the defect. As to the third ground, upon which the motion-to dismiss the complaint was based, to wit, that the defendant should have been sued as assignee and not personally, we agree with the respondent’s counsel that as the plaintiff found the goods in the defendant’s possession, they could properly maintain an action against him as an individual for their recovery.
Nor was there, in our opinion, any fact to go to the jury upon the question of title, and the direction of the learned judge that a verdict be rendered for the plaintiff was therefore right. It has frequently been held that the acceptance of goods must be complete and unconditional or else there is no sale, and that when anything remains to be done by either or both the parties the contract remains executory, and that the title does not vest in the purchaser. See Hough v. Brown, 19 N. Y., 111, 113.
In delivering the opinion of the court in that case. Com-stock. J., in discussing the question whether it should be left to the jury to say what was the meaning of a certain letter which had been introduced in evidence, and which it was claimed amounted to an acceptance of the proposition of the other party, says: “But upon a careful consideration of the letter we are of the opinion that it was not intended and cannot be construed as the consummation of a contract, and on this ground, we think that the jury should have been instructed in the manner requested by the defendant. If it was intended to leave it to the jury to say, what was the meaning of the letter, the error is plain, because the construction of language clearly ascertained, whether in writing or not, belonged to the court and not to the jury.” See, also, Briggs v. Sizer, 30 N. Y., 647; Trever v. Wood, 36 id., 307; White v. Corlies, 46 id., 467.
The proposition of the defendant’s counsel, that if, upon any construction of the facts, the jury might have found for the defendant, the justice erred in directing a verdict for the plaintiff, we do not regard as sound. The latest case upon this subject is Dwight v. Germania Life Ins. Co. (7 East. Rep., 638), in which the court say: “If the proof of a fact is so preponderating that a verdict against it would be set aside by the court as contrary to evidence, then it is the duty of the court to direct a verdict,” and the court, after citing several other cases, quotes with approval from the opinion of Judge Allen, in Baulec v. N. Y. and Harlem R. R. Co. (59 N. Y., 366), in which it is stated that “it is not *34 enough to authorize the submission of a question as one of fact to a jury that there is some evidence. A scintilla of evidence, or a mere surmise that there may have been negligence on the' part of the defendants, would not justify the judge in leaving the case to the jury.” See, also, Hyatt v. Johnston, 91 Penn. St., 196; The Improvement Co. v. Munson, 14 Wall., 442.
If this case had been submitted to the jury, and they had found for the defendant, we are constrained to say that it would have been the duty of the court to have set it aside, and that therefore tested by the cases above referred to, the direction given at the trial was right.
Again, it seems to be plain both from the oral and the written evidence, that the minds of the parties at no times met, and that, therefore, no contract was ever entered into, and that the title to the goods remained in the plaintiffs, and this was a question for the court and not for the jury.
There were some exceptions taken in the case to the-rulings of the court which should he noticed. At folio 64, the schedules annexed to • the assignment were offered in evidence, but were excluded by the court as irrelevant and immaterial. Those rulings we deem to have been correct. It is difficult to see how the schedules of the defendants’ assignors could affect the title of the property. Those schedules were merely statements of the assignors, not assented to by the plaintiff, and of course Evans & Darling' could not make evidence for themselves. These remarks, also dispose of the exceptions taken at folios 70 and 83 of the case. The bill which was offered at folio 69 was also properly excluded, on the ground that it appeared to be a. bill of another party.
The exceptions at folios 78 and 79 should not be sustained, because the evidence was immaterial and merely cumulative.
For these reasons we are of the opinion that the judgment, below should be affirmed, with costs.
Potter, J., concurs.